MEMORANDUM OF DECISION
MANFREDI, J.
BACKGROUND
This case arises out of the service of alcohol to Christopher Brulotte and a subsequent motor vehicle accident which occurred on April 5, 2009. The plaintiff, Myrna Rodriguez, was a passenger in a car operated by her cousin Iris Soto. Soto’s car was struck by a vehicle operated by Brulotte. The collision occurred in the north bound lanes of Route 395 in Norwich, Connecticut near Exit 81.
The complaint was originally brought in three counts against the Mohegan Tribal Gaming Authority (MTGA) alleging 1) negligent service of alcohol; 2) reckless and wanton service of alcohol, and 3) a violation of Connecticut General Statutes § 30-102 (Dram Shop Act). While the action was pending the Mohegan Torts Code (MTC) was amended to include the Mohegan version of the Dram Shop Act; MTC § 3-253. This ordinance is virtually identical to the Connecticut Dram Shop Act except that it includes a provision that requires an injured party to prove that:
“(A]t the time of sale or service, the individual was intoxicated and was demonstrating outward signs of intoxication such as abnormal mental or physical condition due to the influence of intoxicating liquors a visible excitation of the passions and impairment of judgment, or a derangement or impairment of physical functions and energies.”
*391 Defendants filed an apportionment complaint against Brulotte prior to the amendment of the code and a motion to strike the apportionment complaint was denied as at least one count of the complaint was based upon negligence.
Ultimately after various amendments and pleadings, the Complaint was framed in two counts; one for reckless and wanton service of alcohol, and one under MTC § 3-253.
The Plaintiff renewed her motion to strike the apportionment complaint since the new statute creates a new cause of action which did not exist at the time of the original motion and which provides new grounds for pursuit of the motion to strike.
DISCUSSION
Defendant’s apportionment complaint is brought pursuant to Connecticut General Statutes § 52-572h. That statute applies on its face to negligence actions only. It is Plaintiffs position that because the complaint as it now stands is brought for reckless and wanton conduct and under MTC § 3-253, Connecticut General Statutes § 52-572h simply does not apply.
Defendant however, claims that the addition of the language quoted above to MTC § 3-253 converts the statutory Dram Action into one for negligence, and therefore, that the apportionment statute should apply to actions brought under the Tribe’s Dram Shop Act. The court disagrees with Defendant’s reading of the ordinance.
Specifically, Defendant claims in its brief that the requirement in the Tribal ordinance that an injured party prove the individual to whom the sale of intoxicating liquor was made was intoxicated and, “demonstrating outward signs of intoxication” must be construed to “require that the plaintiff prove that the individual's outward signs of intoxication were demonstrated to the purveyor or seller of alcohol;” and, once this new requirement is interpreted in this way, the ordinance becomes one based upon negligent conduct, because the purveyor knew or should have known of the intoxication at the time of the sale.
As noted, the Court disagrees with this proposed interpretation. There is no language in MTC § 3-253 which states that the Plaintiff prove that the seller knew or had reason to know that the purchaser was intoxicated—-only that the purchaser was intoxicated. Defendant would have the court add a requirement that simply doesn’t exist under the statute.
Although the Connecticut Dram Shop Act doesn’t contain in its language the requirement to prove visible intoxication, the Connecticut courts have made visible intoxication an element of the action. It is evident that in crafting MTC § 3-253 the Mohegan Tribe has codified that requirement rather than leaving it out of the ordinance. Under the circumstances, the elements of a claim under the Connecticut act and a claim under MTC § 3-253 are identical. Moreover, no Connecticut cases and nothing in the language of the Mohegan ordinance impose an element of proof that the purveyor of intoxicating liquors knew or should have known that the purchaser was intoxicated.
As noted in O’Dell v. Kozee, 128 Conn.App. 794, 802, 803, 19 A.3d 672 (2011):
“In Sanders, the court simply stated that the element of intoxication in § 30-102 requires the exhibition of visible or perceivable symptoms from which an observer could discern that the individual was under the influence of alcohol.... The court did not hold that a permittee or bartender must know that the individual was exhibiting symptoms *392 of being intoxicated. Under the Sanders definition of intoxication, an establishment would be strictly lia,ble pursuant to § 30-102 if it sold intoxicating liquor to a patron who exhibited perceivable signs of intoxication, even if the permittee or bartender was unaware of and had no reason to know of such behavior. Thus we conclude that the Sanders definition of intoxication is consistent with the fact that a permittee or bartender’s knowledge or state of mind is of no consequence when proving a claim pursuant to § 30-102. (citations omitted; emphasis added).”
Likewise, under MTC § 3-253 the seller’s or purveyor’s knowledge of, or state of mind regarding the purchaser’s signs of visible intoxication is irrelevant to a claim under the ordinance. The seller is strictly liable if it sold intoxicating liquors to one who was visibly intoxicated. The seller need not know of or have observed the visible intoxication. As long as Plaintiff can prove the buyer was visibly intoxicated, whether to a companion or other patrons, it is enough to establish liability under the ordinance.
Since the complaint alleges liability for recklessness and strict liability under the ordinance only, the defendant’s apportionment complaint based upon negligence must fail. The motion to strike the apportionment complaint is therefore granted.